KINNEAR–WEED CORPORATION,
Plaintiff-Appellant,

v.

HUMBLE OIL & REFINING COMPANY,
a Texas corporation (now dissolved and
merged into Standard Oil Company, a
New Jersey corporation) its successor
and/or surviving corporations and its
assigns, Defendants-Appellees.

No. 29103.

United States Court of Appeals,
Fifth Circuit.

April 26, 1971.

Rehearing Denied June 17, 1971.

632

Fred Parks, Gail Borden Tennant, Jr., Houston, Tex., William E. Kinnear,

Beaumont, Tex., W. Frank Stickle, Jr., Washington, D. C., for plaintiff-appellant.

Garrett R. Tucker, Jr., C. O. Ryan, Houston, Tex., for defendants-appellees.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

CLARK, Circuit Judge:

It is impossible to conceive of an issue judges would scrutinize more carefully than one which charges that a brother's breach of judicial ethics has produced a miscarriage of justice. Such an issue puts at stake more than the rights of the immediate litigants; it challenges the even, fair administration of law. Therefore our most attentive examination is commanded. This sensitivity is heightened in the case at bar because he who allegedly prostituted the office we ourselves are sworn to uphold, died long before the subject of his official misbehavior was ever broached. Only the combination of the nature of the issue itself and a defense so handicapped can explain why, when we look long and carefully again—this time aided by the hitherto unavailable light of our present hindsight—we see that plaintiff has traversed the whole weary journey through court after court after court solely upon insinuations, innuendoes, inferences and assumptions of wrongdoing, every one of which are wholly without substance in fact. Given this insight to the proof—or more aptly, the lack of it—we reject plaintiff's suggestions that we now create novel duties of disclosure and standards of ethical conduct to be applied *ex post facto* to overcome (and really reverse) the well established presumption that official duties were correctly discharged. Thus, we agree that the court below correctly declined to give this plaintiff yet another go at trying to prove what so clearly does not exist. The judgment, injunction and assessment of costs entered by the district court must be affirmed.

In the beginning—April 6, 1953—Kinnear-Weed Corporation (Kinnear-Weed)

filed a patent infringement suit against Humble Oil & Refining Co. (Humble). Since the opinion of the district court accurately and amply recites the history of this litigation from that point forward, the reader who wishes to retrace the route step by step is referred to 324 F.Supp. 1371. It is sufficient here to say that the charges of judicial disqualification, initially advanced on September 28, 1959 (one year, seven months and fourteen days after the judge involved had died), eventually resulted in our en banc order to the district court to conduct a hearing on all of Kinnear-Weed's allegations of wrongdoing and fraud and to file appropriate findings of fact and conclusions of law, 403 F.2d 437 (5th Cir. 1968).

The present appeal is from the findings and conclusions which we directed be made. Kinnear-Weed presents the following contentions here:

(A) United States District Judge Lamar Cecil, who presided over the original patent suit trial, was disqualified to discharge the judicial function in that case under the provisions of 28 U.S.C.A. § 455 (1968):[1]

    (i) Because of an *improper* relationship to and connection with the defendant, Humble;

    (ii) Because of a *substantial* interest in the disposition of the case; and

    (iii) Because of the cumulative effect of (i) and (ii).

(B) Judge Cecil did not properly exercise his discretion under § 455, *supra,* when he made the decision to continue to sit in the case.

(C) Judge Cecil had a duty to make a full disclosure to the parties of his interest in the outcome of the litigation and his connections with Humble.

(D) Humble had a duty to disclose the peculiar knowledge it had of the relationships between itself and Judge Cecil that might be relevant to the formation of an opinion that the Judge was disqualified by law to sit, and its failure to discharge this duty constituted a fraud on this Court and the Supreme Court.

(E) The district court from which the present appeal was taken erred in issuing an injunction preventing plaintiff from further litigating in any court the issues presented to that court and in taxing costs, including attorneys' fees of Humble, against Kinnear-Weed.

We consider these issues one by one:

(A) Kinnear-Weed denominated six descriptive categories of questioned relationships and activity by Judge Cecil. The opinion of the district court correctly analyzed the welter of allegations, claims and proof developed in each of these categories. At the outset, we note that the court correctly determined, as a matter of law, that the prior en banc decision of this court settled the question that the one time ownership of 100 shares of stock of Humble by Judge Cecil's wife did not constitute a statutory disqualification. (*See* 403 F.2d at 440.) As a second preliminary matter, we take cognizance of the rule that each of the other detailed findings in the trial court opinion must be examined under the clearly erroneous standard of review established in our en banc order directing entry of final judgment. 324 F.Supp. at 1385.

We now conclude that each finding was fully supported by the record developed originally before this Court of Appeals as amplified by the wide discovery and evidence gathering procedures allowed by the court below. In fact, Kinnear-Weed now differs in only one insignificant aspect with the lower court's

---

1. "§ 455. Interest of Justice or Judge.

"Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein."

specific fact determinations.[2] Its disagreement comes with the conclusions of fact and the inferences drawn by the district judge from what are, for the most part, undisputed basic facts.

■ Our attention is, however, directed to the fact that the lower court made no findings relative to Judge Cecil's ownership during his tenure in office of stock in seven companies engaged in or related to the petroleum industry, and to stock ownership in another oil company which was sold early in his judicial career and prior to the entry of judgment in the subject action. In judging the significance of this oversight we are compelled to note the glaring inconsistency in Kinnear-Weed's conclusion that a statutory violation was shown by virtue of this ownership. The very reason why these holdings are alleged to constitute a disqualifying interest is the action of Judge Cecil in determining that the validity of Kinnear-Weed's claims affected and concerned the entire oil industry. Why would a man who was determined not to hold the balance true, by his own decision, supply the connecting link that would show disqualification? Why would he make such a sweeping finding favorable to contentions Kinnear-Weed might raise against companies in which he held a stock interest? To ask these questions is to answer them. These ownerships did not influence the judicial function. We have no difficulty in determining that the failure of the district court to expressly deal with this stock interest issue would not have affected the determinations made and is not reversable error.

We have again reviewed the separate issues and the separate findings and conclusions of fact on each separate issue and found them to be supported by the record and free of clear error individually. We have also considered the totality of such circumstances collectively and agree with the district court that in their entirety they present no more than the speculative musings of a losing litigant.

The outcome of our review is predictable and, indeed, compelled on the basis of such findings and the conclusions drawn therefrom. Whether viewed bifocally for separate determinations as to (i) the propriety of Judge Cecil's relationship to or connection with Humble as an entity, and (ii) his possession of a substantial interest in the disposition of the case; or altogether to test (iii) the cumulative impact of the judge's relationship to, connection with and interest in the party and the subject matter, the district court was not clearly erroneous in determining that no one or combination of these contentions was well taken.[3]

■ (B) The district court's factual conclusion that Judge Cecil considered the matter of his possible disqualification and properly concluded that it was his duty and his obligation to continue to preside in this case, is correct. Kinnear-Weed had the burden of producing clear and convincing evidence that a public officer such as Judge Cecil, failed to discharge the duty mandated by § 455. Chaney v. United States, 406 F.2d 809 (5th Cir. 1969). Speculation and suspicion are just not any evidence at all that Judge Cecil, as a matter of fact or

---

2. That difference related to whether Humble received annual notifications of Judge Cecil's connection as an officer and director of a corporation which did a *declining* volume and percentage of business with Humble during some of the years involved.

3. Although the district court stated it did not understand plaintiff to contend that

Judge Cecil had a substantial interest in this case, the court did conclude that he obviously did not. It is unnecessary to consider whether that issue was properly presented to the trial court so as to make it subject to review, because the same detailed findings of fact would control. The relationship to and connection with Humble is really the interest claimed to be disqualifying.

as a matter of law, violated his duty. Charlson Realty Co. v. United States, 384 F.2d 434, 181 Ct.Cl. 262 (1967). Kinnear-Weed has wholly failed to demonstrate that Judge Cecil's discretion was abused.

■ (C) Section 455 vests in the justice or judge the obligation to determine that a substantial interest or relationship to or connection with a party rendered it improper to sit in the seat of judgment. The mere restatement of the statute's rule really answers the contention advanced by Kinnear-Weed that Judge Cecil had a duty, even in the absence of any issue raised about it, to make affirmative disclosures so that the matter of his disqualification could be considered by the litigants. Congress made it expressly plain that it placed *in the justice or judge* the responsibility for making the determination *"in his opinion"* that he should disqualify himself. Thus, we reject the contention of Kinnear-Weed that the rationale of Commonwealth Coatings Corp. v. Continental Casualty Co., 393 U.S. 145, 89 S. Ct. 337, 21 L.Ed.2d 301 (1968) should be applied here. That case held that an arbitration decision should be set aside where the supposedly independent arbitrator is later shown to have had "the slightest pecuniary interest" in one of the parties whose dispute was submitted for arbitration. We are urged to reason from that case that judges whose contact with decision-making is continuous, not episodic, are not only to be governed by the same immaculate and sterile criterion as those who may be chosen as an arbitrator, but also that judges should submit the facts to litigants before them to avoid the necessity for those parties to conduct secret investigations into the private affairs of judges. Such rules would neither serve the healthy and necessary concept that justice must satisfy the appearance of justice, nor the policy enunciated by Congress in § 455. We

therefore have no hesitancy in refusing to apply them retroactively to Judge Cecil's conduct. Judges must function daily and continuously over a broad spectrum of causes with varied parties and interests. They are almost bound to be called upon to pass judgments in matters where they have some shade of indirect economic interest. If "slightest" is to be substituted for "substantial", it should be by congressional, not judicial, decision; for it will surely have a substantial effect on the ability of federal courts to function with the present numbers of judges. Kinnear-Weed's frank concession that it could find no cases directly in point opting for the duty of disclosure to litigants, which it urges, is significant. Those cases which have discussed the responsibility placed by Congress under § 455 have clearly held it is upon the judge. *See* Weiss v. Hunna, 312 F.2d 711 (2d Cir. 1963); Mac-Neil Bros. Co. v. Cohen, 264 F.2d 186 (1st Cir. 1959); Darlington v. Studebaker-Packard Corp., 261 F.2d 903 (7th Cir. 1959); Voltmann v. United Fruit Co., 147 F.2d 514 (2d Cir. 1945); Utz & Dunn Co. v. Regulator Co., 213 F. 315 (8th Cir. 1914).

This is not to say that the standard is or ought to be immutable. Under the mores of a different day Congress may see fit to change it. Certainly it is plain that the present ultimate test the statute lays down has implicit in it a large measure of public confidence in the personal integrity of the humans appointed to fill the positions of judicial trust under the system for the administration of justice in the federal courts. Leaving legislation to that branch, we hold that what may have been requisite for consideration or determinative on the issue of disqualification was, in 1953 through 1957—the years actually involved, committed to Judge Cecil's sound discretion.[4]

4. It is appropriate to observe that the decision in this case is of limited precedential value. Today, in addition to the statute, certain requirements promulgated by the Judicial Conference of the United States and advisory opinions issued by the Interim Advisory Committee on Judicial Activities guide federal judges in

(D) The next issue raised is that Humble committed a fraud on the courts in its failure to make a complete enough disclosure of its relationships with Judge Cecil and his family. In this connection it should be borne in mind that at the time Kinnear-Weed's attack was initiated it was not directed at Judge Cecil alone but also included Judges Hutcheson, Rives, Jones and Wisdom of this court, and was couched in terms charging that all such judges had practiced "lowdown common thievery" and had been guilty of "misconduct, dishonest and fraudulent acts and omissions [which] are disgraceful and illegal". Rather than faulting Humble's disclosures, we are strained to conceive of any duty on the part of an adverse litigant to inject himself into such a specific controversy between court officials and his opponent. No rational litigant would allege criminality and fraud if his basis in fact for such charges was so weak that he needed documentation from his opponent. In the dispassionate and calm reflection of this later day, we have more difficulty in understanding how these public charges failed to result in proceedings for contempt than we do in comprehending some duty on Humble's part to furnish information. Since we have made it abundantly clear that the responsibility was placed by Congress upon each individual judge to determine his own disqualification, we deny that these allegations created any duty on the part of Humble to respond. Especially when, years later, all that the intensive additional investigation conducted by Kinnear-Weed has produced that was not voluntarily disclosed by Humble in the way of connections with or relations to Judge Cecil, are trivial or insignificant matters that merely furnish springboards for speculation, rather than evidence of substantial or sinister ties. In testing the sufficiency of proof in federal courts, federal not state standards must be applied. *Cf.* Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir. en banc, 1969). We hold that fraud proof must be built of sterner stuff. Clear and convincing evidence was what was required. Merrill-Stevens Dry Dock Company v. M/V "Laissez Faire", 421 F.2d 430 (5th Cir. 1970); *see also* Pacific Royalty Company v. Williams, 227 F.2d 49 (10th Cir. 1955); 37 Am.Jur.2d, Fraud and Deceit § 468; 37 C.J.S. Fraud § 114.

(E) Kinnear-Weed's final point relates to determinations of the present district judge rather than to the vitality of Judge Cecil's adjudications. It argues that the district court erred in awarding costs, including attorneys' fees and expert witness fees to Humble. The district court had awarded these costs because the charge made by Kinnear-

the exercise of their discretion. In September 1963, the Judicial Conference adopted a resolution forbidding justices and judges from serving as officers or directors of corporations organized for profit. Since January 1, 1970, the Judicial Conference has had in force a requirement that all federal judges, except the justices of the Supreme Court, file public reports every six months detailing all extra-judicial income, gifts and positions held in any organization during the preceding six months. In addition, the report must list all cases in which the judge has participated in the preceding six months in which he had any interest, and the nature and amount of such interest, and the reason the judge felt his participation was proper. In addition to these mandates, the Advisory Committee has suggested in Advisory Opinion No. 20 the following procedure when a judge or a member of his immediate family owns stock in a corporation which is a real party in interest in the litigation. The judge should advise all counsel, at the earliest practicable time, of his interest in the corporation and ask the lawyers to reply in writing to the Clerk of the Court whether they wish the judge to hear the case. "Unless the attorneys for all parties request the judge to continue, the Clerk should not tell the judge which lawyers did not make such request, and the judge should not act thereafter in the case." Despite the practical limits on what we say as precedential value for the future, Judge Cecil's actions in the 1950's are not to be judged by the judicially imposed and recommended standards of today.

Weed out of which these costs arose was found by the district court to have been asserted fraudulently.[5] We note that we are dealing with an exercise of discretion by the district court, and we will not overturn his decision unless a clear abuse thereof is shown. The general rule is that the district court can award such fees and costs when an unfounded action or defense is maintained in bad faith, vexatiously, wantonly, or for oppressive reasons. 6 J. Moore, Federal Practice § 54.77(2), at 1352 (2d ed. 1966). If there ever was a case that fits this general rule, this is it.

■■■■ The district court also enjoined Kinnear-Weed from litigating again in any court the issues that it had decided here. Under the All Writs Statute, 28 U.S.C.A. § 1651,[6] a federal court has the power to enjoin a party before it from attempting to relitigate the same issues in another federal court. Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719 (1923); Aleograph Co. v. Electrical Research Products, Inc., 82 F.2d 625 (5th Cir. 1936). Certainly one factor that the district court could and did take into account in exercising its discretion to issue the injunction was the harassing and vexatious character of this litigation. We cannot say that the district court abused its discretion in this regard. Kinnear-Weed asserts that the injunction is too broad because it will be prevented from asserting new and additional factual matters not adjudicated in this proceeding. The injunction does no more than embody the principles of res judicata and collateral estoppel. Kinnear-Weed has had its day in court on the present issues—not once, but several times. We interpret this injunction to preclude Kinnear-Weed from raising any of the issues presented in its original patent infringement suit and any issues related to the questioned Exhibit D-31 against Humble or any other litigant, and from further asserting any alleged judicial indiscretion on the part of Judge Cecil, and in this action we can find no abuse of discretion. Having sown the wind, it must inexorably reap the whirlwind.

Costs of this appeal, including reasonable attorneys' fees incurred by Humble on this appeal are assessed against Kinnear-Weed. 28 U.S.C.A. § 1912 (1966); F.R.A.P. 38; 6 J. Moore, *supra* at 1353.

The judgment of the district court is in all respects affirmed and the cause is remanded to the district court with directions to fix the amounts of the fees allowed hereunder at the time such costs and expenses allowed by the district court's final judgment are determined.

Affirmed and remanded.

---

5. This concerned a charge that Humble and a third party, not involved in this litigation, had altered and modified a physical exhibit. After extensive opportunity for proof development, plaintiff's counsel conceded it had no basis for its accusations and requested the entire issue be withdrawn from consideration. The court refused this request.

6. "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." 28 U.S. C.A. § 1651(a) (1966).