St. Clair G. STRONG, M.D., Plaintiff,

v.

Beverly PONDER, et al., Defendants.

Civ. A. No. C80–2130A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 26, 1983.

Robert N. Meals, A. Lee Parks, Jr., Meals & Parks, Atlanta, Ga., for plaintiff.

William B. Hill, Jr., John R. Strother, Jr., Strother, Weiner & Dwyer, Atlanta, Ga., for defendants.

## ORDER

FORRESTER, District Judge.

This case is before the court now pursuant to the court's order of May 16, 1983 directing defendants to itemize the expert witness fees which they desired taxed against the plaintiff in this case. This court directed a verdict against the plaintiff in his suit against the defendants on February 18, and allowed the defendants to recover of the plaintiff their costs in the action. Among the costs which defendant filed to be taxed against the plaintiff was a charge of $875.00 for expert witnesses. Plaintiff objected that this item exceeded the statutory costs provided for witnesses under 28 U.S.C. § 1821. The court agreed with the plaintiff that expert witness fees cannot be assessed in excess of the statutory per diem fee under 28 U.S.C. § 1821, citing *Kivi v. Nationwide Mutual Insurance Co.*, 695 F.2d 1285 (11th Cir.1983). The court directed the defendant to file an itemization of the costs for the statutory compensation provided by § 1821. Instead of filing such an itemization covering per diem, mileage, and subsistence expenses for his expert witnesses, defendant has again asserted a claim for $875.00 in costs incurred by his expert witnesses in "interviews, assessment of the factual matter in the case, and the resultant loss of earnings they accumulated by rescheduling patients so that they could testify on a specific date." Such costs are not recoverable under 28 U.S.C. § 1821. While there is case authority allowing the recovery of "special costs" such as defendant asserts here, *see Commonwealth of Pennsylvania v. O'Neill*, 431 F.Supp. 700 (E.D.Pa.1977), such cases seem to always involve the award of such costs to prevailing plaintiffs. Entirely different considerations warrant an award of costs to a prevailing plaintiff than warrant an award of costs to a prevailing defendant in a civil rights case:

If private citizens are to be able to assert their civil rights and if those who violate the nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it cost them to vindicate those rights in court. S.Rep. 94–1011, 94th Cong.2d Sess. 2, reprinted in U.S.Code Cong. & Ad.News 1976, pp. 5908, 5910.

This goal of making it possible for private citizens to vindicate their rights is clearly different from factors which might support an award of costs to a prevailing defendant. While such costs might be awarded to a defendant upon a showing that the plaintiff has been stubbornly litigious or has acted in bad faith, or for other reasons, they do not appear to be appropriate in this case. Plaintiff's objections to the costs taxed against him is sustained insofar as it provided for the expenses of expert witnesses beyond that provided by 28 U.S.C. § 1821. Plaintiff is DIRECTED to pay the remaining costs of $70.00 which the defendant enumerated on February 28 and which was included in the assessment by the clerk on March 23, 1983.