# INTERNATIONAL WOODWORKERS OF AMERICA, AFL–CIO, CLC AND ITS LOCAL NO. 5–376, Plaintiff-Appellee,

## v.

## CHAMPION INTERNATIONAL CORPORATION, Defendant-Appellant.

### No. 83–4616.

United States Court of Appeals, Fifth Circuit.

Feb. 7, 1985.

Fuselier, Ott & McKee, M. Curtiss McKee, Jeffrey A. Walker, Jackson, Miss., for defendant-appellant.

Youngdahl, Larrison & Agee, James E. Youngdahl, Little Rock, Ark., for plaintiff-appellee.

Before WISDOM, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

This case is hopefully the final chapter in the litigation commenced in April 1978 by International Woodworkers of America, AFL–CIO, CLC (IWA), and one of its local unions against Champion International Corporation (Champion) alleging racial discrim-

---

ination in employment in violation of Title VII and 42 U.S.C. § 1981 at Champion's Oxford, Mississippi plant. In 1982, after a trial, the district court entered a judgment on the merits dismissing the claims of all plaintiffs and assessing all costs against IWA. In April 1984, this court affirmed the district court's judgment on the merits.

During the interim between the entry of the district court's judgment and the decision by this court, Champion filed a bill of costs and motion for allowance of Champion's attorneys' fees as a part of the costs of the case. In December 1982, the district court entered an order denying Champion's motion for attorneys' fees, finding that "the record demonstrates that the lawsuit was brought in good faith and was neither frivolous, unreasonable nor without foundation." *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The district court referred all other cost questions to a magistrate. The magistrate awarded Champion $14,750.87 in costs, of which $11,807.16 were for a portion of the services of an expert witness employed by Champion for the statistical aspects of the case. IWA objected to certain parts of the award, particularly to the taxing of the expert witness' fees in an amount which exceeded that provided for in 28 U.S.C. § 1821(a)(1), and the case returned to the district court.

In August 1983, the district court entered an order sustaining IWA's objections to taxing the excess expert witness' fees. The district court found that the "plaintiffs do not contest the reasonableness of the expert witness' fees nor that the expert's testimony was an important part of the defendant's case." The district court also expressed the view that the "defendant's expert was helpful and perhaps necessary to its case." Following a thorough and careful review of the relevant statutes and caselaw, the district court concluded that this court, in *Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir.) (en banc), *cert. granted*, 452 U.S. 959, 101 S.Ct. 3106, 69 L.Ed.2d 970, *order amended, partial cert. granted*, 453 U.S. 911, 101 S.Ct. 3141, 69 L.Ed.2d 993, *cert. dismissed*, 453 U.S. 950, 102 S.Ct.

27, 69 L.Ed.2d 1033 (1981), had, in effect, adopted for purposes of expert witness' fees the rule adopted by the Supreme Court in *Christiansburg* for attorneys' fees, i.e., prevailing defendants are entitled to attorneys' fees only when the lawsuit is frivolous, unreasonable, or without foundation. Following that rule, the district court refused to grant Champion expert witness' fees in excess of the amount provided by 28 U.S.C. § 1821 based on its prior holding, in the attorneys' fees context, that IWA's suit was not frivolous, unreasonable, without foundation, or brought in bad faith. Champion appeals the disallowance of its excess expert witness' fees.

Champion argues that the *Christiansburg* test applied by the district court is the wrong test and argues instead for a test that would award excess expert witness' fees to a prevailing defendant if "the expert testimony was necessary or helpful to the presentation of civil rights claims, or indispensable to the determination of the case," citing our decision in *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1100 (5th Cir.1982), *modified on other grounds*, 701 F.2d 542 (5th Cir.1983) (en banc). We do not agree that *Copper Liquor* is authority for the broad proposition for which it is cited by Champion. *Copper Liquor* is itself a case arising under the Clayton Act which contains a specific statutory provision awarding to the winner the "cost of suit, including a reasonable attorney's fee." 15 U.S.C. § 15. The treatment in *Copper Liquor* and its progeny, *see Greenhaw v. Lubbock County Beverage Ass'n*, 721 F.2d 1019, 1033 (5th Cir.1983), of excess expert witness' fees does not control in this Title VII, § 1981 case. The paragraph in *Copper Liquor* setting forth the general rules on fees of expert witnesses is, however, instructive:

> Expert witnesses generally may be allowed only the fees allowed "fact" witnesses, as prescribed by 28 U.S.C. § 1821. Courts of appeal have approved trial court discretion to award the full fee charged by the expert in exceptional circumstances, for example, when the ex-

pert testimony was necessary or helpful to the presentation of civil rights claims, or indispensable to the determination of the case. If counsel plan to seek allowance of the entire expert's fee, the better practice is to seek court approval before calling the expert witness. The court should consider these factors if counsel seek an allowance for experts in excess of the fee allowed for fact witnesses. 684 F.2d at 1100 (footnotes omitted). Significantly, with one exception [1] not here relevant, the cases cited in *Copper Liquor* which were decided by this court and in which excess fees were allowed are civil rights cases in which the fees have been allowed to prevailing *plaintiffs*. The rationale for the awarding of these fees is stated simply and directly in *Jones v. Diamond, supra,* 636 F.2d at 1382: "Without the ability to recover experts' fees, plaintiffs, particularly prison immates who are almost always indigent, will be unable to bring these cases." *See also Berry v. McLemore,* 670 F.2d 30, 34 (5th Cir.1982). But those considerations do not apply to prevailing defendants who are not engaged in vindicating their civil rights. *See Strong v. Ponder,* 572 F.Supp. 129 (N.D.Ga.1983). We see no reason, therefore, to extend to prevailing defendants the right to recover excess expert witness' fees on the basis contended for by Champion.

We note that the district court construed *Jones v. Diamond* as adopting for civil rights cases involving excess expert witness' fees incurred by prevailing defendants the standard adopted by the Supreme Court in *Christiansburg* for Title VII cases involving attorneys' fees incurred by prevailing defendants. In view of the district court's finding, unchallenged on appeal by Champion, that the IWA-Champion litigation did not meet that standard, we need not decide whether, if it had, Champion's excess expert witness' fees would have been awardable.

AFFIRMED.

---

1. *Kinnear-Weed Corp. v. Humble Oil & Refining Co.,* 441 F.2d 631, 636–37 (5th Cir.) (district court can award costs, including attorneys' fees and expert witness' fees, against plaintiff when an unfounded action or defense is maintained in bad faith, vexatiously, wantonly, or for oppressive reasons), *cert. denied,* 404 U.S. 941, 92 S.Ct. 285, 30 L.Ed.2d 255 (1971).