Samuel A. ARONSON, Petitioner,

v.

Jesse BROWN, Secretary of Veterans Affairs, Respondent.

No. 92–561.

United States Court of Veterans Appeals.

Jan. 25, 1993.

Samuel A. Aronson, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Rudrendu Sinhamahapa-tra, Washington, DC, were on the pleadings, for respondent.

Before NEBEKER, Chief Judge, and MANKIN and STEINBERG, Associate Judges.

NEBEKER, Chief Judge:

This matter is before us on petitioner's motion, under Rule 35(b), to review a single judge's refusal to recuse himself from petitioner's case. We hold that, under 28 U.S.C. § 455, the judge's decision whether to recuse himself, under the facts of this case, was the province of the individual judge and is not subject to review within this Court. Accordingly, the motion is dismissed.

Petitioner filed a motion for review of a single-judge order denying his application for a writ of mandamus. He subsequently filed a motion for review by a panel or by the en banc Court and a motion that one of the judges recuse himself because that judge once served as General Counsel to the Veterans' Administration (now Department of Veterans Affairs). That motion was denied by the single judge, and petitioner filed a motion for review by a panel or the en banc Court concerning, inter alia, the denial of the motion for recusal. The decision on the merits remains with that panel. The instant panel was convened solely for the purposes of considering the order denying recusal.

Petitioner asserts error in the failure to recuse under the provisions of 28 U.S.C. § 455. That section provides, in part, that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceedings in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). That provision is made expressly applicable to this Court by 38 U.S.C. § 7264(c) (formerly § 4064(c)). Under Rule 35 of this Court's Rules of Practice and Procedure, a party in a case decided by a single judge may move for review by a panel of the Court. However, we hold that, under the facts presented in this case, this Court may not review the individual judge's refusal to recuse

himself. Section 455 is a self-enforcing statute; whether a reason exists in a case making it improper for a judge to participate in it is a decision confined to the conscience of that judge. *Weiss v. Hunna,* 312 F.2d 711, 714 (2d Cir.1963), *cert. denied,* 374 U.S. 853, 83 S.Ct. 1920, 10 L.Ed.2d 1073 (1963); *Kinnear–Weed Corp. v. Humble Oil & Refining Co.,* 441 F.2d 631, 635 (5th Cir.1971) ("Congress made it expressly plain that it placed *in the justice or judge* the responsibility for making the determination *'in his opinion'* that he should disqualify himself") (emphasis in original); *see also Jewell Ridge Coal Corp. v. United Mine Workers of America,* 325 U.S. 897, 65 S.Ct. 1550, 89 L.Ed. 2007 (1945) (memorandum decision) (each Justice bears responsibility to determine for himself the propriety of withdrawing in any particular circumstances).

Moreover, section 455 "includes no provision for referral of the question of recusal to another judge." *United States v. Sibla,* 624 F.2d 864, 868 (9th Cir.1980); *see also United States v. Studley,* 783 F.2d 934, 940 (9th Cir.1986) (neither chief judge nor committee of disinterested judges from district was required to rule on recusal motion); *United States v. Balistrieri,* 779 F.2d 1191, 1202–03 (7th Cir.1985) (section 455 decisions should be made by judge sitting in case; no provision is made in statute for transfer of issue to another judge).

Accordingly, petitioner's motion seeking review of the recusal decision of the single judge is DISMISSED as beyond the purview of this Court's review authority.

Before NEBEKER*, Chief Judge, and KRAMER, FARLEY, MANKIN*, HOLDAWAY, IVERS, and STEINBERG*, Associate Judges.

## ORDER

On August 14, 1992, the court issued a single-judge order denying petitioner's recusal motion. Petitioner subsequently filed a motion for review of that order by a three-judge panel, or in the alternative, for en banc review. A panel* opinion issued today dismisses petitioner's motion for review as beyond the purview of the Court's authority.

On consideration of the foregoing, and it appearing that no judge has called for a vote on the en banc motion, it is by the en banc Court

ORDERED that petitioner's alternative motion for en banc review is denied.