31 F.3d 1177
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William T. HIGGINS, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7040.
 United States Court of Appeals, Federal Circuit.
 July 12, 1994.
 
 Before NIES, PLAGER, and RADER, Circuit Judges.
 NIES, Circuit Judge.
 
 ON MOTION
 ORDER
 
 1
 The Secretary of Veterans Affairs moves (1) to waive the requirements of Fed.Cir.R. 27(e), (2) to dismiss William T. Higgins's appeal for lack of jurisdiction, and (3) for leave to file a motion in excess of the ten-page limit. Higgins opposes.
 
 
 2
 On October 22, 1991, the Board of Veterans Appeals denied Higgins's request to reopen his claim of entitlement to service connection for additional psychiatric disability because no new and material evidence was submitted. Higgins appealed to the Court of Veterans Appeals.
 
 
 3
 During the course of the appeal, Higgins filed a motion for Judge Holdaway to recuse himself. By order of August 7, 1992, Judge Holdaway denied the motion. Higgins then sought panel review of the single judge's order. The motion was held in abeyance pending the Court of Veterans Appeals' disposition of the issue of whether a panel may review a single judge's denial of a recusal motion in Aronson v. Brown, 4 Vet.App. 133 (1993).
 
 
 4
 On February 4, 1993, after the Court of Veterans Appeals decided in Aronson that, pursuant to 28 U.S.C. Sec. 455, the judge's recusal decision was not subject to review by a panel, Judge Holdaway denied Higgins's motion for panel review. Higgins renewed his motion for panel review. On March 30, 1993, Judge Holdaway again denied the motion. On September 27, 1993, Judge Holdaway summarily affirmed the Board's decision for the Court. Higgins appealed to this court.
 
 
 5
 After Higgins appealed, this court decided Aronson v. Brown, 14 F.3d 1578 (Fed.Cir.1994). We concluded that 28 U.S.C. Sec. 455 grants the Court of Veterans Appeals the authority to review a single judge's recusal decision. We remanded for further proceedings.
 
 
 6
 The Secretary argues in his motion to dismiss that the Court of Veterans Appeals' failure to grant Higgins panel review was harmless error and that the court should dismiss Higgins's appeal despite the presence of this issue. However, in view of our decision in Aronson, we conclude that remand is appropriate in this case also.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 9
 (2) The Secretary's motion to dismiss is denied.
 
 
 10
 (3) The Secretary's motion for leave to extend the page limit is granted.
 
 
 11
 (4) We, sua sponte, remand to the Court of Veterans Appeals for further proceedings.