60 F.3d 841
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 William T. HIGGINS, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7042.
 United States Court of Appeals, Federal Circuit.
 June 15, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 MAYER, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(e) and to dismiss William T. Higgins' appeal for lack of jurisdiction. Higgins opposes.*
 
 
 2
 In 1986, the Board of Veterans Appeals denied Higgins' request to reopen his claim of entitlement to disability benefits for additional psychiatric disability. Higgins submitted additional documentary evidence. In 1991, the Board again denied his request to reopen his claim on the ground that he had failed to submit new and material evidence. Higgins appealed the Board's decision to the Court of Veterans Appeals.
 
 
 3
 In 1992, Higgins moved to have Judge Ronald M. Holdaway of the Court of Veterans Appeals recuse himself from consideration of Higgins' appeal. Higgins alleged that the judge had "pre-judged" his case and was "discriminating" against him, because the judge had granted the Secretary's motion for an order to show cause concerning the designation of the record and had denied a corresponding motion by Higgins. Judge Holdaway issued a single-judge order denying the recusal motion. Higgins filed a motion for panel review of that order, and the Court of Veterans Appeals stayed further proceedings pending its decision in Aronson v. Brown, 4 Vet.App. 133 (1993), on the issue of whether a panel could review a single judge's denial of a recusal motion.
 
 
 4
 In 1993, following the Court of Veterans Appeals' holding in Aronson that the court lacked the authority to review a challenge to a single judge's denial of a recusal motion, Judge Holdaway issued a single-judge order denying Higgins' motion for panel review. Judge Holdaway subsequently issued a single-judge memorandum decision on the merits of Higgins' appeal and summarily affirmed the decision of the Board. Higgins' motions for panel and in banc review of the merits decision were denied. Higgins appealed to this court.
 
 
 5
 Meanwhile, this court decided Aronson v. Brown, 14 F.3d 1578 (Fed. Cir. 1994). In Aronson, we held that the Court of Veterans Appeals had the authority and responsibility to review a challenge to a single judge's decision refusing to recuse. In light of Aronson, we remanded Higgins' case to the Court of Veterans Appeals for further proceedings.
 
 
 6
 On remand, a three-judge panel of the Court of Veterans Appeals issued a per curiam order granting Higgins' motion for panel review of the single-judge order denying the recusal motion. Upon review, the panel held that there were no grounds under which Judge Holdaway should have disqualified himself. Higgins appealed to this court.
 
 
 7
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 8
 In his informal brief, Higgins argues that the Court of Veterans Appeals erred by "ruling on the merits" of his claim of clear and unmistakable error (CUE) and by ignoring his complaint concerning his representation by the American Legion. In his response to the Secretary's motion, Higgins asserts that the court erred when it "required new and material evidence for a CUE claim." However, the Court of Veterans Appeals merely stated that Higgins' "disagreement as to how the facts were weighed and evaluated" was not sufficient to raise the issue of clear and unmistakable error. Higgins does not argue that the Court of Veterans Appeals misinterpreted a statute, regulation or constitutional provision. As this court has no jurisdiction to conduct the inquiry that Higgins seeks, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed. Cir. 1992).
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(e) is granted.
 
 
 11
 (2) The Secretary's motion to dismiss is granted.
 
 
 12
 (3) Each side shall bear its own costs.
 
 
 
 *
 We note that in his notice of appeal, Higgins questions whether this appeal is timely because the Court of Veterans Appeals had issued the mandate. On April 13, 1995, the Clerk of the Court of Veterans Appeals notified Higgins that the mandate had been issued in error and was recalled by that court