United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10012
Summary Calendar

_____

JOHN ALBERT ESTRADA, SR.,

                          Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

                          Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-371-P
--------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

    John Albert Estrada, Sr., Texas prisoner # 744108, seeks a

certificate of appealability (COA) to appeal the district court's

denial of his FED. R. CIV. P. 60(b) motion to vacate the judgment

in a prior proceeding under 28 U.S.C. § 2254.  Estrada's motion

raised claims not only under Rule 60(b)(3) and (6), but also

under the court's inherent equitable powers to respond to a fraud

on the court.  The district court ruled that Estrada's Rule 60(b)

motion was essentially a second or successive petition for habeas

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

corpus relief, which it could not consider unless this court authorized its filing. The district court also determined that Estrada's allegations of fraud did not meet the requirements of fraud on the court.

A COA may be issued only if Estrada has made a substantial showing of the denial of a constitutional right. 28 U.S.C § 2253(c). To the extent that Estrada raised an equitable claim in district court, however, he does not need a COA to proceed on appeal. See Fierro v. Johnson, 197 F.3d 147, 150 (5th Cir. 1999). He does, however, need leave to proceed IFP.

Estrada argues that the Respondent committed a fraud on the court when he alleged in his brief that Estrada had signed a judicial confession to aggravated sexual assault, when the state court record introduced by the Respondent shows that Estrada had not signed it. The district court determined that the Respondent's misstatement did not amount to fraud on the court. "To establish fraud on the court, it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its discretion." Fierro, 197 F.3d at 154. Assuming, without deciding, that 28 U.S.C. § 2244(b) has not foreclosed the use of the courts' inherent powers to vacate prior judgments for fraud on the federal courts, Estrada has failed to demonstrate, by clear and convincing evidence, that the Respondent perpetrated a fraud on the courts. See Kinnear-Weed

Corp. v. Humble Oil & Refining Co., 441 F.2d 631, 636 (5th Cir. 1971).

To the extent that Estrada's motion to vacate judgment is construed as sounding under FED. R. CIV. P. 60(b), his motion for a COA is DENIED. See Gonzales v. Crosby, 125 S. Ct. 2641, 2647-48, 2651 (2005). To the extent that Estrada argues that he is entitled to equitable relief from a fraudulently obtained judgment, his motion for a COA is DENIED AS UNNECESSARY. See Fierro v. Johnson, 197 F.3d 147, 150 (5th Cir. 1999).

Estrada also moves for leave to proceed in forma pauperis (IFP) on appeal. The district court denied his IFP motion, certifying under 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3) that Estrada's appeal was not taken in good faith. We construe his motion to proceed IFP on appeal as a challenge to the district court's certification decision. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). We limit our inquiry "to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Estrada's appeal of the district court's equitable ruling does not involve legal points arguable on their merits. Accordingly, we DENY IFP status and DISMISS Estrada's appeal as frivolous. See 5TH CIR. R. 42.2.

COA DENIED AS TO FED. R. CIV. P. 60(b) CLAIMS; COA DENIED AS UNNECESSARY AS TO EQUITABLE CLAIMS; IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS