# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2013

No. 12-10432
Summary Calendar

Lyle W. Cayce
Clerk

LEVI WOODERTS, JR.,

Petitioner-Appellant

v.

WARDEN, FEDERAL CORRECTIONAL INSTITUTION SEAGOVILLE,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-188

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

In 2005, Levi Wooderts, Jr., federal prisoner # 29639-077, filed a 28 U.S.C. § 2241 petition in which he sought credit on his federal sentence for time served while in state custody and for time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum. After that petition was denied, Wooderts filed three additional § 2241 petitions making the same general argument. In ruling on the appeal of the denial of Wooderts's latest such petition, we ordered the following:

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10432

> Wooderts has previously been warned that frivolous, repetitive, or otherwise abusive filings would invite sanctions. He has failed to heed that warning. Accordingly, he is ORDERED to pay a sanction of $100 to the Clerk of this Court. He is BARRED from filing any pleading in this court or any court subject to this court's jurisdiction seeking credit for time served in state custody until the sanction has been paid in full, unless he first obtains leave of the court in which he seeks to file such a pleading. Wooderts is further CAUTIONED that any future frivolous, repetitive, or otherwise abusive filings in the district court or in this court will subject him to additional and progressively more severe sanctions.

Wooderts then filed a motion in the district court for relief from judgment of the denial of his 2005 § 2241 application, citing Rule 60(d)(3) of the Federal Rules of Civil Procedure and alleging a fraud on the court. The district court denied Wooderts leave to proceed as a sanctioned litigant, as Wooderts has not paid the $100 sanction. This appeal follows.

Wooderts argues that the district court abused its discretion in disallowing him to file his Rule 60(d)(3) motion. Wooderts contends that two Assistant United States Attorneys presented to the district court an affidavit of Bureau of Prisons employee Karen Summers that contained false and perjured statements. We review a decision to deny a sanctioned litigant leave to file a pleading for abuse of discretion. *Gelabert v. Lynaugh*, 894 F.2d 746, 747-48 (5th Cir. 1990).

A party who brings a motion grounded in Rule 60(d)(3) for fraud on the court will receive relief only if he establishes by clear and convincing evidence "the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir.1978); *Kinnear-Weed Corp. v. Humble Oil & Refining Co.*, 441 F.2d 631, 636 (5th Cir. 1971). To establish fraud on the court, Wooderts would have to establish by clear and convincing evidence not only that Summers committed perjury, but also that the

2

prosecuting attorneys (a) were aware that Summers's affidavit was false, and (b) intended to use the false testimony in an attempt to defraud the court. *See Fierro v. Johnson,* 197 F.3d 147, 154 (5th Cir. 1999). Wooderts has not demonstrated or alleged that he can demonstrate by clear and convincing evidence that the presentation of an affidavit which may contain discrepancies amounts to a fraud on the court. The district court did not abuse its discretion in refusing Wooderts leave to file as a sanctioned litigant.

AFFIRMED.