**Gordon E. BAIR, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–1477.

United States Court of Veterans Appeals.

Dec. 7, 1993.

Before FARLEY, MANKIN and STEINBERG, Judges.

**ORDER**

PER CURIAM.

By a single-judge order dated September 10, 1993, the Court denied appellant's motion to supplement the record on appeal. By a single-judge order dated September 21, 1993, the Court denied appellant's motion to remove Jesse Brown, Secretary of Veterans Affairs, as a party to this appeal. On October 18, 1993, the Court denied appellant's motions for reconsideration as to each order.

 

On October 28, 1993, appellant filed a motion for review by a panel or by the Court en banc, pursuant to Rule 35 of this Court's Rules of Practice and Procedure or, in the alternative, for extraordinary relief from the denial of reconsideration, pursuant to Rule 21 of this Court's Rules of Practice and Procedure. In addition, if denied, appellant requests a 60-day stay in order for him to consider an appeal to the United States Court of Appeals for the Federal Circuit.

The motion for review was referred to a panel because the Court does not have a precedential panel opinion on the reviewability by a panel of a single-judge procedural order. *See Bethea v. Derwinski,* 2 Vet.App. 252, 254 (1992).

Pursuant to Rule 35(b) of this Court's Rules, a party may indeed file a motion for panel review of "a *case* decided by a single judge". U.S.Vet.App.R. 35(b) (emphasis added). However, there is a distinction between the final case decision and the determination of a procedural motion during the pendency of a case. As this Court held in *Kushindana v. Derwinski,* 2 Vet.App. 73, 74 (1991) (single-judge order), and *Hayes v. Derwinski,* 1 Vet.App. 482, 483 (1991) (single-judge order), interlocutory decisions by single judges on motions addressed to procedural events occurring or not occurring during the course of a case are not the types of decisions contemplated by Rule 21 or Rule 35 and are, therefore, not subject to panel review. *Cf. Van Cauwenberghe v. Biard,* 486 U.S. 517, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988).

With respect to appeal to the Federal Circuit, appellant is, of course, also free to pursue that route. The Court notes that on October 12, 1993, the Federal Circuit stated in a non-precedential decision in *Janosik v. Brown,* No. 93–7072, slip op. at 3 (Fed.Cir. Nov. 2, 1993) (unpublished per curiam decision): "Claims that the Court of Veterans Appeals failed to take into consideration certain documents ["pursuant to Rule 10 of the Court of Veterans Appeals", slip op. at 2] do not fall within our [the Federal Circuit's] statutory grant of jurisdiction, and we are precluded by law from hearing [such an] appeal."

On consideration of the foregoing, it is

ORDERED that appellant's motion for review is denied. Appellant's motions for extraordinary relief and a stay are being denied by the single judge by separate order issued this date and that order, for the reasons set forth above, will not be subject to further review in the Court other than a motion for reconsideration by that judge.