**Samuel A. ARONSON, Claimant–Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 93–7046.

United States Court of Appeals, Federal Circuit.

Jan. 5, 1994.

Samuel A. Aronson, submitted pro se.

Deborah A. Bynum, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, submitted for respondent-appellee. With her on the brief, were Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director and Sharon Y. Eubanks, Asst. Director. Of counsel was Martin J. Sendek, Dept. of Veterans Affairs, Office of Gen. Counsel, Washington, DC.

Before NEWMAN and PLAGER, Circuit Judges, and RONEY, Senior Circuit Judge.*

PAULINE NEWMAN, Circuit Judge.

Samuel Aronson, appearing *pro se*, appeals the decision of the United States Court of Veterans Appeals denying Mr. Aronson's request that Judge Ivers of that court, who had been presiding over Mr. Aronson's appeal, recuse or be disqualified.[1] Judge Ivers had declined to recuse, a panel of the Court of Veterans Appeals held that review of that decision was "beyond the purview" of that court's authority, and the full Court of Veterans Appeals declined further review. Mr. Aronson now appeals Judge Ivers' recusal decision.

We conclude that the Court of Veterans Appeals erred in its holding that 28 U.S.C. § 455 does not grant the court authority to review the challenge to Judge Ivers' qualification. We remand to the Court of Veterans Appeals for review of Judge Ivers' decision; we do not reach the merits of Judge Ivers' disqualification, or decide whether the reviewing statute authorizes further review by this court upon decision of the Court of Veterans Appeals.

*Background*

Mr. Aronson is seeking disability benefits for the anatomical loss of his left eye during infantry training in 1953. The Board of Vet-

---

* The Honorable Paul H. Roney, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

1. *Aronson v. Brown, Secretary of Dep't of Veterans Affairs,* 4 Vet.App. 133, 134 (Ct.Vet.App.1993).

erans Appeals had denied Mr. Aronson's claim, ruling that he had failed to establish service connection. Mr. Aronson appealed that denial to the Court of Veterans Appeals. The case was assigned to Judge Ivers, sitting alone pursuant to 38 U.S.C. § 7254(b), which provides:

§ 7254(b) The Court [of Veterans Appeals] may hear cases by judges sitting alone or in panels, as determined pursuant to procedures established by the Court. Any such panel shall have not less than three judges. The Court shall establish procedures for the assignment of the judges of the Court to such panels and for the designation of the chief of each such panel.

Judge Ivers reversed the decision of the Board of Veterans Appeals with respect to service connection, and remanded for redetermination of certain other issues. It appears that the path on remand was not smooth, for on April 30, 1992 Mr. Aronson moved the Court of Veterans Appeals for writ of mandamus, alleging foot dragging and harassment by the Regional Office of the Department of Veterans Affairs, including the failure of that Office to conduct an examination based on the asserted deterioration of vision in Mr. Aronson's remaining eye. Further proceedings ensued, and eventually Judge Ivers denied the mandamus writ.

Mr. Aronson moved for review of that denial, as authorized by Court of Veterans Appeals Rule 35:

Rule 35(b) **Motion for Review.** A party in a case decided by a single judge may move for review by a panel of the Court.... If such a motion is filed, no judgment will be entered until the motion is acted upon.

**(c) Action on the Motion.** ... A motion for review of a single judge decision will be referred to a panel. A motion for review of a panel decision will be referred to all of the judges of the Court....

At the same time Mr. Aronson moved that Judge Ivers disqualify himself under 28 U.S.C. § 455, which provides, in part:

§ 455(a) Any justice, judge, or magistrate of the United States shall disqualify him-self in any proceeding in which his impartiality might reasonably be questioned.

**(b)** He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

\* \* \* \* \* \*

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy.

Mr. Aronson based his motion to disqualify on Judge Ivers' position as General Counsel for the Veterans Administration before his appointment to the Court of Veterans Appeals, and on certain statements made by Judge Ivers during his Senate confirmation hearings. Mr. Aronson stated that Judge Ivers' reference to veterans' benefits as "gratuities" indicated bias against the claims of veterans.

Judge Ivers declined to disqualify himself, and Mr. Aronson duly requested review by a panel or the full Court of Veterans Appeals. A three judge panel dismissed the request, holding that the question was "beyond the purview of this Court's review authority". The full court did not take the question for review. This appeal followed.

# I

We first determine whether it is within this court's authority to review any of these issues. *See Yarway Corp. v. Eur–Control USA, Inc.,* 775 F.2d 268, 273 (Fed.Cir.1985) (a court must always consider its jurisdiction). The government argues that there is no basis for appeal to this court. Mr. Aronson points out that the issue of an unbiased judiciary is of constitutional dimension. We need not reach the constitutional aspect, however, for that issue is mooted by our decision of the threshold question of whether the Court of Veterans Appeals was correct, as a matter of law, in holding that it had no authority to review a decision of one of its

judges with respect to disqualification under 28 U.S.C. § 455.

■ The Federal Circuit's appellate jurisdiction is governed by 38 U.S.C. § 7292:

§ 7292(d)(1) The Court of Appeals for the Federal Circuit shall decide all relevant questions of law, including interpreting constitutional and statutory provisions. The court shall hold unlawful and set aside any regulation or any interpretation thereof (other than a determination as to a factual matter) that was relied upon in the decision of the Court of Veterans Appeals that the Court of Appeals for the Federal Circuit finds to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or ·

(D) without observance of procedure required by law.

(2) Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.

The question of whether the Court of Veterans Appeals correctly interpreted its own authority raises questions of statutory interpretation and the observance of procedure required by law.

The ruling of the Court of Veterans Appeals that the refusal to recuse by a judge of that court is "beyond the purview of this Court's review authority" raises, in addition to issues under 28 U.S.C. § 455, questions of interpretation of 38 U.S.C. § 7254(b) relating to the organization of the Court of Veterans Appeals. Relevant is Court of Veterans Appeals Rule 35, *supra*, which provides that a decision of a single judge will be referred to a panel and will be referred to the full court at the request of a party. The Rule does not authorize a panel or the full court to decline to review a decision of a judge sitting alone.

■ The Court of Veterans Appeals held that the applicable statute relating to disqualification, 28 U.S.C. § 455, by its terms removes recusal decisions from judicial review:

We hold that, under 28 U.S.C. § 455, the judge's decision whether to recuse himself, under the facts of this case, was the province of the individual judge and is not subject to review within this Court.

\* \* \* \* \* \*

... [28 U.S.C. § 455(a)] is made expressly applicable to this Court by 38 U.S.C. § 7264(c) (formerly § 4064(c)). Under Rule 35 of this Court's Rules of Practice and Procedure, a party in a case decided by a single judge may move for review by a panel of the Court. However, we hold that, under the facts presented in this case, this Court may not review the individual judge's refusal to recuse himself. Section 455 is a self-enforcing statute; whether a reason exists in a case making it improper for a judge to participate in it is a decision confined to the conscience of that judge.

Moreover, section 455 "includes no provision for referral of the question of recusal to another judge."

*Aronson,* 4 Vet.App. at 133–34 (citations omitted). This interpretation of 28 U.S.C. § 455 by the Court of Veterans Appeals is, in accordance with 38 U.S.C. § 7292, subject to appellate review by the Federal Circuit. We conclude that our review authority was properly invoked.

## II

Section 455 of Title 28 was made applicable "to judges and proceedings of the Court [of Veterans Appeals]" by 38 U.S.C. § 7264(c). The Court of Veterans Appeals appropriately looked to the jurisprudence interpreting § 455. However, the court's holding that the "self-enforcing" nature of § 455 precludes reviewability is unwarranted.

■ Section 455 is "self-enforcing" in that it is self-executing; that is, a judge may recuse *sua sponte*. As explained in *Taylor v. O'Grady,* 888 F.2d 1189, 1200 (7th Cir.1989),

reviewing the action of a trial judge, "[r]ecusal under Section 455 is self-executing; a party need not file affidavits in support of recusal and the judge is obligated to recuse herself *sua sponte* under the stated circumstances." *See also, e.g., United States v. Story,* 716 F.2d 1088, 1091 (6th Cir.1983) ("section 455 is self-executing, requiring the judge to disqualify himself for personal bias even in the absence of a party complaint").

■ That § 455 is self-enforcing and self-executing does not mean that actions of the judge are unreviewable. Indeed, appellate review of § 455 orders is exemplified in the cases cited. *See also, e.g., Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988); *Hewlett–Packard Co. v. Bausch & Lomb Inc.,* 882 F.2d 1556, 1567 (Fed.Cir.1989); *United States v. Sibla,* 624 F.2d 864, 868–69 (9th Cir.1980). *See generally* 13A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* §§ 3549, 3550, 3553 (1984 & Supp. 1993).

In addition to appellate review of trial court actions, appellate courts have reviewed charges that a member of the same appellate court should have recused or be disqualified in a particular case. Such reviews have been conducted in a variety of ways, adapting the procedure to the circumstances. In *Maier v. Orr,* 758 F.2d 1578, 1583 (Fed.Cir.1985) a panel of the Federal Circuit that did not include the challenged judge decided whether that judge should have recused in terms of § 455, in response to a party's motion made after the party received an adverse decision authored by the challenged judge. In *Hepperle v. Johnston,* 590 F.2d 609 (5th Cir.1979) the court considered the appellant's request that eight judges who sat on prior appeals be disqualified for personal bias or prejudice; a three-judge panel of that circuit, one member of which was one of the eight challenged judges, decided the issue. In *Scarrella v. Midwest Federal Savings & Loan,* 536 F.2d 1207, 1209 (8th Cir.), *cert. denied,* 429 U.S. 885, 97 S.Ct. 237, 50 L.Ed.2d 166 (1976), a motion that all the judges of the court of appeals recuse themselves was decided by a three-judge panel of the court. In *In re Charge of Judicial Misconduct,* 691 F.2d 923

(9th Cir.1982) a complaint alleging misconduct under 28 U.S.C. § 372(c)(1) was filed against three judges of the court of appeals; it was decided by a single judge of that court, who was not one of the accused judges.

The Court of Veterans Appeals cited several cases in support of its ruling, including:

> *Weiss v. Hunna,* 312 F.2d 711, 714 (2d Cir.1963), *cert. denied,* 374 U.S. 853 [83 S.Ct. 1920, 10 L.Ed.2d 1073] (1963); *Kinnear–Weed Corp. v. Humble Oil & Refining Co.,* 441 F.2d 631, 635 (5th Cir.1971) ("Congress made it expressly plain that it placed *in the justice or judge* the responsibility for making the determination '*in his opinion*' that he should disqualify himself") (emphasis in original); *see also Jewell Ridge Coal Corp. v. United Mine Workers of America,* 325 U.S. 897 [65 S.Ct. 1550, 89 L.Ed. 2007] (1945) (memorandum decision) (each Justice bears responsibility to determine for himself the propriety of withdrawing in any particular circumstances).

*Aronson,* 4 Vet.App. at 134. These cases were decided before 1974, when 28 U.S.C. § 455 was amended to replace the subjective test for disqualification, stressed in these opinions, with an objective one. Before 1974, § 455 required "any justice or judge … to disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness, or is so related to any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or proceeding therein." Section 455 was amended in 1974 to clarify and broaden the grounds for judicial disqualification and to conform with the recently adopted ABA Code of Judicial Conduct, Canon 3 C. The revised provision also omitted the phrase "in his opinion", in order to eliminate the subjective standard. *See* H.R.Rep. No. 93–1453 (S.Rep. No. 93–419), 93d Cong., 2d Sess. 5 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6351, 6354–55. The purpose was explained in *Roberts v. Bailar,* 625 F.2d 125, 129 (6th Cir.1980):

> To promote public confidence in the impartiality of the federal judicial system, the

Congress in 1974 shifted the focus of § 455.... No longer is a judge's introspective estimate of his own ability impartially to hear a case the determinate of disqualification under § 455. The standard is now objective.

(Footnotes omitted.)

The powerful national interest in an impartial judiciary is reflected in this amendment of § 455, for removal of the subjective standard shifts emphasis to the appearance as well as the fact of impartiality. In *Liljeberg*, 486 U.S. at 860, 108 S.Ct. at 2203, the Court stressed the importance of avoiding all appearance of impropriety, in promoting "public confidence in the integrity of the judicial process". *See Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 825, 106 S.Ct. 1580, 1587, 89 L.Ed.2d 823 (1986) ("justice must satisfy the appearance of justice") (quoting *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955)).

▪ Precedent reflects the conscientious attention that courts have given to charges of judicial disqualification. This attention illustrates the larger concern for assuring not only the integrity of, but also confidence in, the judicial process. The Court of Veterans Appeals is not barred, by statute or by precedent, from conducting its own review of a charge under § 455 against one of its judges. In addition, litigants before the Court of Veterans Appeals have the right to further review by that court of a decision by a judge sitting alone. We discern no need for the court to depart from its own procedure when the issue involves disqualification. Although the Court of Veterans Appeals observed that § 455 contains "no provision for referral of the question of recusal to another judge", neither does § 455 mandate how the review shall be conducted. However, when a judge's qualification has been challenged, the Court of Veterans Appeals has not only the authority but also the responsibility to undertake such review.

We vacate the dismissal of Mr. Aronson's motion for review by the Court of Veterans Appeals of Judge Ivers' denial of the motion under 28 U.S.C. § 455. The cause is remanded for further proceedings.

*Costs*

Taxable costs in favor of Mr. Aronson.

*VACATED AND REMANDED.*