William T. HIGGINS, Petitioner,

v.

Jesse BROWN, Secretary of Veterans Affairs, Respondent.

No. 91–2225.

United States Court of Veterans Appeals.

Feb. 15, 1995.

William T. Higgins, pro se.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Carolyn F. Washington, Washington, DC, for the respondent.

Before KRAMER, IVERS, and STEINBERG, Judges.

STEINBERG, Judge:

This matter is before the Court on remand from the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). *Higgins v. Brown*, 31 F.3d 1177 (Fed.Cir.1994). In a July 12, 1994, opinion, the Federal Circuit directed this Court to conduct further proceedings in accordance with *Aronson v. Brown*, 14 F.3d 1578 (Fed.Cir.1994) (*Aronson II*), in which the Federal Circuit had held that this Court has authority—indeed, an obligation—to review a challenge to a single judge's decision denying his or her disqualification. *Aronson II*, 14 F.3d at 1583.

In accordance with the Federal Circuit's August 2, 1994, mandate in the instant case, on September 7, 1994, this Court designated Judge Ivers in place of Judge Holdaway as a panel member solely for the purposes of considering the petitioner's motion for panel review of Judge Holdaway's August 7, 1992, single-judge order denying the petitioner's motion that Judge Holdaway recuse (disqualify) himself. The panel has now considered the merits of the recusal motion and, for the reasons that follow, holds that the petitioner has alleged no valid grounds for Judge Holdaway's disqualification and that the judge did not err in his August 1992 single-judge order denying the petitioner's motion for recusal. For the reasons that follow, the panel will vacate the August 1992 single-judge order denying recusal and issue this opinion in its stead. *See Aronson v. Brown*, 7 Vet.App. 153, 159 (1994) (following remand from Federal Circuit, Court panel vacated single-judge order denying recusal and then sustained that recusal denial) (*Aronson III*).

## I. Procedural History

In July 1992, the petitioner filed a motion to have Judge Ronald M. Holdaway recuse himself from consideration of the petitioner's appeal to this Court of an October 1991 decision of the Board of Veterans' Appeals (BVA or Board). On August 7, 1992, Judge Holdaway issued a single-judge order denying the recusal motion. On August 17, 1992, the petitioner filed a motion for panel review of that order. In December 1992, the Court, sua sponte, issued an order staying further proceedings in this appeal pending the Court's decision in *Aronson v. Brown*, 4 Vet. App. 133 (1993) (*Aronson I*), on the issue whether a panel may review a single judge's denial of a recusal motion.

On January 25, 1993, *Aronson I* was decided by this Court, holding that, pursuant to 28 U.S.C. § 455, this Court lacked the authority to review a challenge to a single judge's decision not to disqualify himself/herself. *Aronson I, supra.* Judge Holdaway, relying on that holding in *Aronson I*, issued a February 1993 single-judge order denying the petitioner's August 1992 motion for panel review. In March 1993, the petitioner filed a motion for panel review of the Court's February 1993 order. Later in March 1993, Judge Holdaway denied that motion on behalf of the Court by applying the *Aronson I* holding and stating that the "appellant has no right

to panel review of a single-judge decision denying recusal."

In September 1993, Judge Holdaway issued a single-judge memorandum decision on the merits of the appeal and affirmed the October 1991 BVA decision. In October 1993, the petitioner's motion for panel review of this merits decision was denied and judgment was entered in this appeal. In November 1993, the petitioner filed a motion for en banc review of the Court's October 1993 order. Later that same month, the judgment was recalled, the en banc Court denied en banc review, and the judgment was re-entered. The petitioner filed a Notice of Appeal to the Federal Circuit. That court, in a July 12, 1994, opinion, directed this Court to conduct further proceedings in accordance with the Federal Circuit's January 1994 opinion in *Aronson II*, 14 F.3d at 1583.

In September 1994, the petitioner filed a motion for a stay of proceedings until November 15, 1994, because of a family emergency. In October 1994, this Court issued a per curiam order granting his August 17, 1992, motion for panel review of the August 7, 1992, single-judge order denying his recusal motion and stated that the panel would consider the matter. The Court further vacated the Court's single-judge February and March 1993 orders to the extent that they denied, by implication, panel review of Judge Holdaway's denial of the petitioner's recusal motion. The Court also granted the petitioner's motion for a stay of proceedings until November 15, 1994. On December 5, 1994, the petitioner filed a "new" motion for recusal which the Court construes as a supplemental pleading.

## II. Analysis

The petitioner contends that Judge Holdaway should have disqualified himself because he had "pre Judge[d]" the petitioner's case and was "discriminating against" him with regard to the resolution of a dispute between the parties as to what documents were to be included in the record on appeal (ROA) pursuant to Rule 10 of this Court's Rules of Practice and Procedure. Appellant's Motion (Mot.) to Remove Judge at 1; Appellant's Mot. for Review at 2, 3. The petitioner asserts that on July 1, 1992, Judge Holdaway

issued an order which, essentially, denied entry into the ROA of certain documents the petitioner had identified in his counter designation of the ROA, and that Judge Holdaway had stated as his reasons that those documents were not in the petitioner's Department of Veterans Affairs (VA) claims file or considered by the Board, whereas, he contended, Judge Holdaway had allowed the Secretary to place material (into the ROA) which the petitioner asserted had not been "part of the record[,] . . . in [his] C-file" or been considered by the Board.

### A. Disqualification

The petitioner fails to identify the provision of law on which he is relying in support of his recusal motion. The statute pertaining to disqualification of judges is 28 U.S.C. § 455. Based on the petitioner's arguments, it appears that he seeks disqualification of Judge Holdaway on the grounds that his July 1992 ruling indicates the appearance of partiality or displays actual bias or prejudice towards the petitioner, or both. Therefore, this Court will examine whether Judge Holdaway's refusal to disqualify himself violated subsections (a) or (b)(1) of section 455.

Section 455 provides in pertinent part:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

Section 455 is expressly made applicable to the Court of Veterans Appeals by 38 U.S.C. § 7264(c). A reading of section 455 reveals that subsection (a) covers circumstances that appear to create partiality, whether or not there is actual bias or prejudice, and that subsection (b)(1) covers circumstances in which actual bias or prejudice exists, whether or not there is such an appearance. *See Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1991).

*1. Appearance of partiality:* In determining whether section 455(a) has been violated, an objective standard is applied. *See Hewlett–Packard Co. v. Bausch & Lomb Inc.*, 882 F.2d 1556, 1568 (Fed.Cir.1989); *Aronson II*, 14 F.3d at 1582, 1583 (1994) (noting that section 455 was amended in 1974 "to replace the subjective test for disqualification ... with an objective one" so as to "shift[ ] emphasis to the appearance as well as the fact of impartiality"); *Aronson III*, 7 Vet. App. at 157 (citing 13A C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3549 at 612 (1984)); *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir.1993) (the section 455(a) "standard is purely objective"). Disqualification of a judge is required when a reasonable person, knowing all the facts, would question the judge's impartiality. *See Hewlett–Packard Co.*, 882 F.2d at 1568 (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 858 n. 7, 108 S.Ct. 2194, 2202 n. 7, 100 L.Ed.2d 855 (1988)); *Aronson III, supra* (citing *Edelstein v. Wilentz*, 812 F.2d 128, 131 (3rd Cir.1987), for the same proposition). In applying that standard, "it is critically important ... to identify the facts that might reasonably cause an objective observer to question [the judge's] impartiality." *Hewlett–Packard Co.*, 882 F.2d at 1568 (quoting *Liljeberg*, 486 U.S. at 865, 108 S.Ct. at 2205). Courts have stressed that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of [the appearance of] personal bias or prejudice". *Cooley, supra* (citing *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir.1986)) (quoting *United States v. Hines*, 696 F.2d 722, 729 (10th Cir.1982)). In reviewing the denial of a motion for disqualification under section 455(a), the court in *Cooley* stated that the "statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley*, 1 F.3d at 993.

As noted above, the petitioner apparently asserts that Judge Holdaway's issuance of a ruling that the petitioner perceives as unfair requires the judge's disqualification. Recently, the Supreme Court in *Liteky v. United States*, —— U.S. ——, ——, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994), held that under section 455(a) the cause of apparent partiality must almost always be from an "extrajudicial source". Such a source is "a source outside the judicial proceedings at hand". *Liteky*, —— U.S. at ——, 114 S.Ct. at 1152; *see also Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir.1984); *Liberty Lobby, Inc. v. Dow Jones & Co. Inc.*, 838 F.2d 1287, 1301 (D.C.Cir.1988), *cert. denied*, 488 U.S. 825, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988).

In *Liteky*, the Supreme Court explained that the "extrajudicial source" limitation applies to subsection (a) as well as subsection (b) of section 455, *id.*, —— U.S. at ——, 114 S.Ct. at 1156, that that limitation is a *"factor"*, rather than a significant *"doctrine"*, and that "there is not much doctrine to the doctrine", *id.* at ——, 114 S.Ct. at 1157. Nevertheless, the Court concluded that the extrajudicial-source factor involved in applying section 455 includes the following considerations:

> First, *judicial rulings* alone almost never constitute [a] valid basis for a bias or [appearance of] partiality motion.... In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and *can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved.* Almost invariably, they are proper grounds for appeal, not for recusal. Second, *opinions* formed by the judge on the basis of facts introduced or events occurring in the course of the *current* proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make *fair judgment impossible.*

*Ibid.* (citation omitted) (emphasis added). Thus, with respect to subsection (a), the Supreme Court concluded that the ultimate inquiry when judicial rulings are the basis for disqualification and there is no extrajudicial source is whether circumstances create an objectively reasonable basis for questioning a judge's partiality, by showing "a deep-seated

favoritism or antagonism that would make fair judgment impossible." *Ibid.* Such a showing will only occur "in the rarest circumstances." *Ibid; see United States v. Chischilly,* 30 F.3d 1144, 1149 (9th Cir.1994); *Jaffree v. Wallace,* 837 F.2d 1461, 1465 (11th Cir.1988); *see Glass v. Pfeffer,* 849 F.2d 1261, 1268 (10th Cir.1988); *In re International Business Machines Corp.,* 618 F.2d 923, 929 (2d Cir.1980).

■ *2. Actual Bias or Prejudice:* Although dealing with a motion for disqualification under 28 U.S.C. § 455(a), the Supreme Court in *Liteky* made clear that the extrajudicial-source factor governs the application of subsection (b)(1) as well as subsection (a) of section 455. *Liteky,* —— U.S. at ——, 114 S.Ct. at 1156. The Supreme Court stated that "subsection (a) has a 'broader reach' than subsection (b) ... but the provisions obviously have some ground in common as well, and should not be applied inconsistently [as to that common ground]." *Id.* at —— n. 2, 114 S.Ct. at 1156 n. 2. It further explained:

> The "objective appearance" principle of subsection (a) makes irrelevant the subjective limitation of (b)(1): The judge does not have to be *subjectively* biased or prejudiced, so long as he *appears* to be so. But nothing in subsection (a) eliminates the longstanding limitation of (b)(1), that "personal bias or prejudice" does *not* consist of a disposition that *fails* to satisfy the "extrajudicial source" doctrine.

*Ibid.* (boldface emphasis added). This means that actual bias under subsection (b) almost always must derive from an extrajudicial source. *See In re International Business Machines Corp.,* 618 F.2d at 928 (noting that the determination of disqualification under subsection (b)(1) "should be made on the basis of conduct extrajudicial in nature as distinguished from conduct within a judicial context").

■ As quoted from *Liteky* in part II.A.1., above, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of [judicial] proceedings ... do not constitute a basis for a bias [under subsection (b)(1) ] or [appearance of] partiality motion [under subsection (a) ] unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky,* —— U.S. at ——, 114 S.Ct. at 1157. The words "bias" and "prejudice" connote "a favorable or unfavorable disposition or opinion". *Id.* at ——, 114 S.Ct. at 1155. An opinion formed by a judge is subject to characterization as displaying bias or prejudice when the opinion held is "somehow *wrongful* or *inappropriate,* either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess[,] ... or because it is excessive in degree...." *Ibid.* An opinion formed by a judge "is not excessive in degree as long as fair judgment is possible." *In re Larson,* 43 F.3d 410, 413 (8th Cir.1994).

### B. Application of Law to Facts

*1. Section 455(a); appearance of partiality:* In applying the above principles to the facts in *Liteky,* the Supreme Court held that none of the grounds asserted by the petitioner required disqualification under section 455(a) because they consisted of "judicial rulings, routine trial administration efforts, and ordinary admonishments ... to counsel and to witnesses", all of which had "occurred in the course of judicial proceedings, *and* neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky,* —— U.S. at ——, 114 S.Ct. at 1158.

■ In the present case, under the section 455(a) reasonable-person standard, there is absolutely no indication that Judge Holdaway's impartiality could be reasonably questioned, and there has been no showing of an appearance of partiality. The grounds asserted by the petitioner are based solely on the judge's July 1, 1992, order. This is a judicial ruling which occurred in the course of judicial proceedings. Essentially, the petitioner's motion appears to be based on nothing more than his dissatisfaction with an order which he perceives as being unfairly adverse. As the Supreme Court held in *Liteky,* as quoted above, judicial rulings alone almost never constitute a "valid basis for a bias or [appearance of] partiality motion."

*Liteky,* —— U.S. at ——, 114 S.Ct. at 1157; *see also United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966); *Chischilly,* 30 F.3d at 1149 (applying *Liteky, supra,* and holding that the petitioner "ha[d] shown no ground for disqualification but the bare fact of the prior ruling and conjecture as to its lingering prejudicial effect"); *Matter of Beverly Hills Bancorp,* 752 F.2d at 1341 (unfavorable rulings alone are legally insufficient to require disqualification, even when the number of such unfavorable rulings is extraordinarily high on a statistical basis); *Jaffree,* 837 F.2d at 1465 (concluding that disqualification was not indicated under section 455(a) and stating that "[i]t is simply not enough to voice disagreement with previous rulings by [the judge]" or "to complain that [the judge] did not expressly consider some of petitioner's motions"); *see Glass,* 849 F.2d at 1268 (holding that prior adverse judicial rulings in the proceeding did not in themselves satisfy the requirements for disqualification); *In re International Business Machines Corp.,* 618 F.2d at 929 (concluding that adverse rulings by a judge cannot "per se create the appearance of bias under section 455(a)" and that "under § 455(a) the [appearance of] bias to be established must be [derived from an] extrajudicial [source] and not based upon in-court rulings").

■ Regarding application to the instant petition of the extrajudicial-source factor as explained in *Liteky,* the petitioner has not asserted, let alone shown, that Judge Holdaway relied upon knowledge acquired outside the judicial proceedings so as to establish an extrajudicial source for the appearance or actuality of the bias or partiality the petitioner apparently alleges. At most, he has asserted that the July 1992 order was unfair. Accordingly, the Court must determine whether the judge's ruling displays a deepseated antagonism to the petitioner that would make fair judgment impossible. *See Liteky,* —— U.S. at ——, 114 S.Ct. at 1158. The Court's review of that order reveals that it merely directs that the petitioner show cause why his counter-designated documents, which were being challenged by the Secretary, "should be included as part of the [ROA]". At that point, the judge had not

denied the petitioner's counter designation of documents, but was directing him to justify their inclusion. There is no indication whatsoever that the order derived from "deepseated and unequivocal antagonism [toward the petitioner] that would render fair judgment impossible." *Ibid.* As stated above, adverse rulings by a judge do not per se create the appearance of bias under section 455(a).

■ **2. Section 455(b)(1); actual bias or prejudice:** In determining whether the petitioner has a right to disqualify a judge under section 455(b)(1) based on actual bias or prejudice, the Court must determine whether the petitioner's assertion shows that Judge Holdaway had formed an opinion that favored the government and that would make fair judgment impossible, because, as concluded in part II.B.1., above, the petitioner has not asserted as the basis for any actual bias or prejudice that the judge expressed an opinion derived from knowledge gathered outside of the course of judicial proceedings. The petitioner has not offered any evidence or asserted any facts demonstrating actual bias or prejudice on the part of the judge, but rather, in essence, has asserted that the issuance of the July 1, 1992, order, which the petitioner perceived to be unfair, displays actual bias or prejudice. Assuming that the issuance of the July 1992 show-cause order by the judge indicates that he held an opinion on the likely outcome of the Rule 10 dispute, the petitioner has not shown that such an opinion is subject to characterization as displaying bias or prejudice. The petitioner has not alleged that any opinion Judge Holdaway may have formed rests upon an improper basis or is excessive in degree. Nor is there any indication that the judge improperly acquired extrajudicial knowledge which is addressed by section 455(b)(1). *See In re International Business Machines Corp.,* 618 F.2d at 928 (finding that the petitioner had not "shown and d[id] not purport to establish any personal connection, relationship, or extrajudicial incident which account[ed] for the alleged personal animus of the trial judge" and that the claim of prejudice was "based completely" on the judge's "conduct and rulings in the case at hand"

which, the court held, formed "no basis for a finding of extrajudicial bias").

Furthermore, the petitioner has not shown that the judge, in issuing the July 1992 order, was motivated by personal bias, rather than by an obligation to resolve the Rule 10 dispute under the applicable law, which provides that only materials that are relevant to the issues on appeal (*see* U.S.Vet.App.R. 10(c), (d)) and were "before the Secretary and the Board" (38 U.S.C. § 7252(b)) may be part of the record on appeal. *See In re International Business Machines Corp.,* 618 F.2d at 930 (concluding that "[e]ven if [the rulings] were deemed to be incorrect, it ... does not follow that they were motivated by personal bias"). There is no indication that the judge had formed an opinion as to his likely course of action in resolving the Rule 10 dispute which displayed a "deep-seated and unequivocal antagonism [toward the petitioner] that would render fair judgment impossible." *Liteky, supra.*

For the foregoing reasons, the Court holds that the petitioner has not demonstrated that Judge Holdaway was or is incapable of rendering fair judgment in this appeal and thus that the petitioner has failed to demonstrate bias or prejudice on his part that would require his disqualification under section 455(b)(1).

### III. Conclusion

Accordingly, upon review by this panel of the Court pursuant to the Federal Circuit's August 2, 1994, mandate and its opinion in *Aronson II, supra,* the Court holds that the petitioner has made no allegation that would constitute the basis for disqualification under subsections (a) or (b)(1) of section 455, and holds that there were thus no grounds under which Judge Holdaway should have disqualified himself. The Court therefore finds no basis for disagreeing with Judge Holdaway's denial of the petitioner's motion for recusal. Accordingly, Judge Holdaway's August 7, 1992, order denying recusal is vacated and this opinion upholding his decision not to disqualify himself is issued in its stead. *See Aronson III,* 7 Vet.App. at 159.

VACATED AND DISQUALIFICATION DENIAL UPHELD.