William F. MORRIS, Appellant,

v.

Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.

No. 97–141.

United States Court of Veterans Appeals.

Oct. 9, 1997.

Before KRAMER, HOLDAWAY, and STEINBERG, Judges.

## ORDER

PER CURIAM.

On April 28, 1997, the appellant moved for panel review of a single-judge order issued by Judge Farley dismissing the appellant's appeal for lack of jurisdiction and denying the appellant's petition for extraordinary relief [hereinafter MPR 1]. In the MPR 1, the appellant averred that Judge Farley was "biased" and "prejudiced" against him. On June 6, 1997, Judge Farley issued a memorandum and order in which he construed the appellant's averments as a motion for disqualification and then denied such motion [hereinafter MO]. *Morris v. Brown,* 10 Vet. App. 286 (1997). The MO has an appendix, which includes a letter dated March 6, 1997, from Judge Farley to the Disabled American Veterans (DAV) in which Judge Farley resigned his membership in that organization in response to an article in the March/April 1997 DAV Magazine. *Morris,* 10 Vet.App. at 295 [hereinafter resignation letter]. On June 12, 1997, the appellant filed a motion requesting panel review of the MO and thereafter, if unsuccessful, "that the decision of the panel be reviewed by the entire court" [hereinafter MPR 2]. In the MPR 2, the appellant also challenged the United States government and this Court and, indirectly, all its judges as being "biased" and "prejudiced" against him as "career government employees." Finally, the appellant raised substantive matters related to his appeal.

■ The appellant is entitled to panel review of the MO, *Higgins v. Brown,* 7 Vet. App. 389, 390, 395 (1995), which is to be undertaken by a panel of which Judge Farley is not a member, pursuant to part II.(e)(2) of the Court's Internal Operating Procedures, 7 Vet.App. XXIX, XXXII (1994).

Section 455 of title 28, U.S.Code, made applicable to this Court by operation of 38 U.S.C. § 7264(c), provides in pertinent part:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any preceding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) When he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

. . . .

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy. . . .

28 U.S.C. § 455(a), (b)(1), (3).

■ The Court agrees with the analysis of applicable law and its application to the facts of this case that is contained in the MO. Specifically, the Court holds that a "reasonable person, knowing all the facts" could not "reasonably question[ ]" the author judge's impartiality (*Higgins v. Brown,* 7 Vet.App. at 392, 393; *see Aronson v. Brown,* 7 Vet.App. 153, 157 (1994)), as to the appellant. As the MO put it:

The essence of the appellant's claim is derivative in nature and based solely upon his membership in the DAV. The DAV is not a party to this appeal, however, and the appellant's membership in the DAV has no bearing upon the substance of his appeal. . . . In fact, and as amply demonstrated in [the author judge's] letter of resignation, it was [his] concern for the members of the DAV and their having

been misinformed by the DAV Magazine article that served as a major part of the impetus for [his] taking issue with the article.

*Morris,* 10 Vet.App. at 294.

 As to the disqualification of Judge Farley and the judges of this panel on the basis of actual bias by virtue of their prior government service, the Court notes that the language of 28 U.S.C. § 455(b)(3) requires disqualification only where a judge in a matter before him has previously participated in or expressed an opinion about such matter while in government employment. *See Aronson,* 7 Vet.App. at 158–59. It is not so averred by the appellant, nor in fact has Judge Farley or any panel member ever so participated in or expressed an opinion about the appellant or his claims.

Accordingly, the Court finds that the appellant has not demonstrated that there is a "reasonable basis on which [Judge Farley's] 'impartiality might reasonably be questioned'" under section 455(a) (*Aronson,* 7 Vet.App. at 159) or that Judge Farley "was or is incapable of rendering fair judgment in this appeal and thus ... has failed to demonstrate bias or prejudice on his part that would require his disqualification [for actual bias or prejudice] under section 455(b)(1)" (*Higgins,* 7 Vet.App. at 395).

Upon consideration of the foregoing, it is

ORDERED that the part of the MPR 2 that seeks disqualification of Judge Farley and members of this panel is denied. The appellant's motion for en banc review of this panel's decision in this order regarding Judge Farley's denial of recusal will now proceed to the full Court for consideration. It is further

ORDERED that the part of the MPR 2 that addresses substantive matters relating to the appellant's appeal is held in abeyance, pending disposition of the merits by the Court.