William F. MORRIS, Appellant,

v.

Togo D. WEST, Jr., Acting Secretary of Veterans Affairs, Appellee.

No. 98–53.

United States Court of Veterans Appeals.

April 24, 1998.

Before NEBEKER *, Chief Judge, and KRAMER *, HOLDAWAY *, IVERS, STEINBERG, and GREENE, Judges.

## ORDER

PER CURIAM:

On March 2, 1998, the appellant filed a motion requesting both panel and full Court review of Judge Farley's February 23, 1998, denial of the appellant's motion that Judge Farley disqualify himself pursuant to 28 U.S.C. § 455 from further consideration of this appeal. The appellant also filed, on March 12, 1998, an addition to his motion for full Court review of the panel's action. The instant appeal is awaiting the Secretary's designation of the record on appeal (ROA) as the next action required. The three-judge panel addresses the reviewability by a panel of the single judge's refusal to disqualify himself in this appeal.

In *Aronson v. Brown*, 14 F.3d 1578 (Fed. Cir.1994), the U.S. Court of Appeals for the Federal Circuit held that a litigant has a right to review of a single judge's refusal to disqualify himself pursuant to section 455. *Id.* at 1582–83. As the Federal Circuit stated, "litigants before the Court of Veterans Appeals have the right to further review by that court of a decision by a judge sitting alone. We discern no need for the court to depart from its own procedure when the issue involves disqualification." *Id.*

There is a distinction between a final decision on a case and the determination of a procedural motion during the pendency of a case. *Bair v. Brown*, 6 Vet.App. 68, 69 (1993). Under this Court's Rules of Practice and Procedure, a party may file a motion for panel review of "a *case* decided by a single judge." U.S. VET.APP. R. 35(b) (emphasis added). This Court has held that review of an interlocutory action by a single

* The three-judge panel.

judge, on a procedural matter, is not the type of decision contemplated by Rule 35(b), and is, therefore, not subject to panel review. *Bair, supra.* Previously, panel and full court consideration of a single judge's denial of a motion under section 455 have been undertaken only after disposition of the appeal on the merits. *See Aronson, supra* (review of single judge's action conducted after final disposition on merits by single judge); *Morris v. Gober,* 10 Vet.App. 457 (1997) (review of single-judge order denying motion to disqualify after single judge had dismissed appeal for lack of jurisdiction and denied petition for extraordinary relief); *see also Higgins v. Brown,* 7 Vet.App. 389, 391 (1995) (review of single-judge's denial of interlocutory motion to recuse after issuance of memorandum decision on merits and remand by Court of Appeals for the Federal Circuit in non-precedential opinion).

In *Aronson, supra,* however, the U.S. Court of Appeals for the Federal Circuit pointed out that the 1974 amendment to 28 U.S.C. § 455, to shift from a subjective to an objective standard, reflects "[t]he powerful national interest in an impartial judiciary" and a shift of emphasis "to the appearance as well as the fact of impartiality." 14 F.3d at 1583. Of great importance, as the *Aronson* court pointed out, is "the larger concern for assuring not only the integrity of, but also confidence in, the judicial process." *Id.* Based on these fundamental interests, the Court here distinguishes the action of a single judge in denying a motion to disqualify under section 455 from those interlocutory actions covered by the "final judgment" rule articulated in *Bair, supra.*

Here, there is no decision on the merits adverse to the appellant, and his appeal is still pending. He implies, however, that Judge Farley is incapable of rendering a fair decision because (1) "[Judge Farley] refuses to explain why the VA was allowed to rearrange the record out of chron[o]logical order"; (2) the appellant believes that Judge Farley has a lower disability rating from VA than does the appellant; and (3) in the appellant's words, "Judge Farley has ruled that I am less deserving than other veterans, that my motions are designed to disrupt the

[Court of Veterans Appeals], that I am unreasonable, and that my allegations are irresponsible."

The panel holds that a motion for panel review of a single judge's decision not to disqualify himself is reviewable during the pendency of an appeal. *See* 38 U.S.C. § 7267(b). The Court reviews such a denial under the objective, informed "reasonable person" standard: The criterion is whether "a reasonable person, knowing all the facts" could "reasonably question" the single judge's impartiality. *See Morris,* 10 Vet. App. at 458 (*citing Higgins, supra,* and *Aronson v. Brown,* 7 Vet.App. 153, 157 (1994)). Allegations (1) and (2) are not relevant, under the applicable standard, to the issue of Judge Farley's impartiality, and allegation (3) is not supported by any factual basis. The appellant may sincerely believe that he has a grievance, but under the "reasonable person" criterion his allegations fail to show objectively that Judge Farley "was or is incapable of rendering fair judgment in this appeal." *Higgins,* 7 Vet.App. at 395. The appellant "thus ... has failed to demonstrate bias or prejudice on [Judge Farley's] part that would require his disqualification [for actual bias or prejudice] under section 455(b)(1)." *Id.*

On consideration of the foregoing, it is by the panel

ORDERED that, upon review, and finding no error in Judge Farley's denial of the appellant's motion to disqualify, the appellant's motion for Judge Farley's disqualification is DENIED. It is further

ORDERED that the appeal is returned to Judge Farley for disposition on the merits. It is further

ORDERED by the full Court, with the exception of Judge Farley, who took no part in the en banc deliberations pursuant to part II.(e)(2) of the Court's Internal Operating Procedures, 10 Vet.App. CDXXI, CDXXIV (1997), that—since there is no need to address this matter to ensure uniformity of the Court's decisions or to resolve a question of exceptional importance (*see* U.S. VET.APP. R.

35(e))—the motion for full court review of the panel's action is DENIED.