YU, Appellant,

v.

Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.

No. 95–199.

United States Court of Veterans Appeals.

Aug. 25, 1998.

Before FARLEY, HOLDAWAY, and
STEINBERG, Judges.

## ORDER

PER CURIAM:

This case is before the Court on appeal of a September 23, 1992, Board of Veterans' Appeals (Board or BVA) decision concluding that the veteran had not presented new and material evidence to reopen certain claims. The appellant has consistently sought to have the record on appeal (ROA) redacted to omit certain references to homosexuality that he finds objectionable, and the Court has concluded that it is without authority to so redact the ROA because its review of BVA decisions on appeal must be based on the same record that was before the Board. *See* *YU v. Brown*, 8 Vet.App. 184, 184–85 (1995) (per curiam order).

On April 28, 1998, the Court denied yet another motion by the appellant that sought to achieve redaction through another theory; the Court also concluded that it lacked jurisdiction over a sexual harassment claim that the appellant first articulated in a March 9, 1998, motion before this Court because the appellant had not received a final decision by the BVA on that matter. The Court, noting the appellant's apparent unwillingness to proceed to the merits, stayed the appeal pending further order of the Court or an expression on the part of the appellant of a willingness to proceed on the merits. On June 1, 1998, the appellant filed a motion seeking (1) the disqualification and recusal of the judges on this panel and (2) apparently if such recusal were not granted, then full Court review of the Court's April 28, 1998, order. However, the appellant had simultaneously filed an appeal of the April 28, 1998, order to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), thereby depriving this Court of jurisdiction, so that

on June 10, 1998, the Court held in abeyance the appellant's motions pending the resolution of his appeal to the Federal Circuit. On June 23, 1998, the Federal Circuit dismissed the veteran's appeal for lack of jurisdiction, because he had not obtained a final appealable decision in accordance with 38 U.S.C. § 7292(a), and noted its agreement with this Court's observation in its April 28, 1998, order that the appellant appears unwilling to proceed to the merits of the case. The Federal Circuit's mandate as to that dismissal order was issued on August 14, 1998; hence, the appellant's June 1, 1998, motion for disqualification and recusal is now ready for disposition.

In his motion for disqualification and recusal, the appellant—apparently misunderstanding the nature of the Court's decision in *YU, supra,* and the Court's April 28, 1998, order—argues the following: (1) He had an agreement with the Secretary concerning the content of the ROA; (2) the long litigation concerning the redaction of the ROA confers jurisdiction upon the Court of his sexual harassment claim; and (3) he has presented evidence to the Court that any documents in the ROA referring to homosexuality on his part are erroneous. He suggests that this panel's "continually on all legitimate arguments ... refus[ing] to remove the word 'Homo' from the ROA after a legitimate agreement with General Counsel" constitutes evidence of antagonism toward him by the panel; that the Court's reliance upon the Department of Veterans Affairs (VA) Office of the General Counsel (OGC) for the filing of pleadings and documents in this case and in other cases before this Court reflects favoritism toward OGC; and that the Court is biased toward him because of the references to homosexuality in the ROA.

■ Section 455 of title 28, U.S.Code, made applicable to this Court by operation of 38 U.S.C. § 7264(c), provides in pertinent part:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any preceding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) When he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

28 U.S.C. § 455(a), (b)(1). ·The Court has concluded that "subsection (a) covers circumstances that appear to create partiality, whether or not there is actual bias or prejudice, and that subsection (b)(1) covers circumstances in which actual bias or prejudice exists". *Higgins v. Brown,* 7 Vet.App. 389, 391 (1995). Disqualification under section 455(a) is warranted "when a reasonable person, knowing all the facts, would question the judge's impartiality". *Id.* at 392. However, when disqualification is not suggested on the basis of an "extrajudicial source" but upon judicial rulings themselves, as the appellant here so alleges, disqualification is warranted under sections 455(a) or (b)(1) only if the ruling or rulings show "a deep-seated favoritism or antagonism that would make fair judgment impossible". *Id.* at 392–93 (quoting *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)). As the Supreme Court ruled in *Liteky,* an objection to judicial rulings provides "[a]lmost invariably ... proper grounds for appeal, not for recusal". *Liteky,* 510 U.S. at 555, 114 S.Ct. 1147.

■ As to the appellant's instant motion, the Court concludes that a "reasonable person, knowing all the facts" could not question the impartiality of the panel members and that its April 28, 1998, decision does not reveal "a deep-seated favoritism or antagonism". The appellant's arguments notwithstanding, it is well-settled law that the Court must review a Board decision on the basis of the record before the Secretary and the Board, *see, e.g.,* 38 U.S.C. § 7252(b); *Bell v. Derwinski,* 2 Vet.App. 611, 612–13 (1992) (per curiam order); *Rogozinski v. Derwinski,* 1 Vet.App. 19 (1990), and does not possess jurisdiction over an appellant's claim absent a final Board decision, *see, e.g.,* 38 U.S.C. § 7266(a), *In the Matter of Fee Agreement of Cox,* 10 Vet.App. 361, 366 (1997) (Court "has jurisdiction to review VA adjudicative actions only under 38 U.S.C. § 7252(a) and pursuant to a final Board decision"), *vacated on other grounds,* 149 F.3d. 1360

(Fed.Cir.1998). The appellant's repeated failures to win the remedy of redaction that he seeks arise not from partiality on the part of the panelists but from the fact that the Court is precluded under law from supplying the remedy he seeks.

On consideration of the foregoing, it is

ORDERED that the appellant's motion for disqualification and recusal of the panel is denied. The appellant's motion for en banc review of the Court's April 28, 1998, order will be presented to the full Court. The stay of proceedings imposed by the Court's April 28, 1998, order will continue until such time as the appellant notifies the Court of his willingness to proceed to the merits or until further order of the Court.