Marti ADDAMS–MORE, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 07–649C.

United States Court of Federal Claims.

Dec. 14, 2007.

Marti Addams–More, Beverly Hills, CA, pro se.

Courtney Elizabeth Sheehan, U.S. Department of Justice, Washington, DC, for defendant.

*ORDER*

HEWITT, Judge.

I. Background

Before the court is Plaintiff's Rule 40.3 Recusal Motion Against Judge Hewitt to Prevent Bias ... Conflict of Interest (Motion to Recuse). Attached to the Motion to Recuse is a letter to plaintiff dated September

4, 2007 from the Clerk of the Court on which plaintiff has typed a response to the Clerk of the Court. The Motion to Recuse states, in full:

> Plaintiff is concerned about bias in her case because the assigned judge has already dismissed another case (of plaintiff) pending in the district court, wherein plaintiff was constrained under the rules of notice to send a copy to Judge Hewitt; but Judge Hewitt actually issued a Court of Federal Claims dismissal order to case pending in district court. Of the five judges noticed (2 federal, 2 state) Judge Hewitt is the only one to take such action. Plaintiff is hopeful the Dept. of Justice will investigate the case and issues pending in the district [court], ergo at the very leas[t] a conflict of interest exist[s] for Judge Hewitt, thus such conflict appears unfair to plaintiff and Judge Hewitt. Attached is a copy of the a note typed on the letter received from Clerk Brian Bishop 9–4–07. She has heard no further word from Mr. Bishop.
>
> Plaintiff prays for recusal from Judge Hewitt to another judge of the Federal Court of Claims in the interest of justice.

Motion to Recuse 1.

In particular, plaintiff alleges that "Judge Hewitt actually issued a Court of Federal Claims dismissal order to case pending in district court." *Id.* Plaintiff is mistaken. Judge Hewitt sits on the United States Court of Federal Claims and can only adjudicate cases that come before this court. Judge Hewitt dismissed plaintiff's initial complaint that was filed before the United States Court of Federal Claims. *See Addams–More v. United States,* No. 04–1154C, slip op. (Fed. Cl. Sept. 17, 2004). That dismissal has nothing to do with any other cases that plaintiff may have filed in other fora.

After the court dismissed plaintiff's complaint in case number 04–1154C, the Clerk of the Court then received another complaint that was identical to the one that was dismissed. Accordingly, the Clerk of the Court sent plaintiff the letter attached to plaintiff's Motion to Recuse, which reads: "The Clerk's Office has received your pleadings in the above-reference case. The case is closed and, therefore, the Clerk's Office is returning the pleadings to you." Motion to Recuse 2.

On September 4, 2007, plaintiff filed a new complaint, which opened this case, number 07–649C. *See* Complaint (Compl.), Sept. 4, 2007, 1.

Now before the court is plaintiff's Motion to Recuse. Plaintiff appears to argue that, because Judge Hewitt adjudicated plaintiff's first case and dismissed the complaint filed in that case, Judge Hewitt is biased and has a conflict of interest in adjudicating plaintiff's current case.

## II.  Discussion

### A.  Legal Standards

■ The relevant statute that deals with judicial recusal is 28 U.S.C. § 455 (2000), "Disqualification of justice, judge, or magistrate."[1] Section 455 applies to "any justice, judge, or magistrate of the United States." 28 U.S.C. § 455(a). The United States Court of Appeals for the Federal Circuit, the appellate court of the United States Court of Federal Claims, relies upon Section 455 as its principal statutory authority when addressing appeals of trial courts' recusal determinations. *See Bieber v. Dep't of the Army,* 287 F.3d 1358, 1362–64 (Fed.Cir.2002) (referring to Section 455 as "the federal judicial recusal statute"); *Aronson v. Brown,* 14 F.3d 1578, 1581 (Fed.Cir.1994) (holding that the Federal Circuit has appellate review authority over

---

1. Another statute that deals with recusal is 28 U.S.C. § 144, "Bias or prejudice of judge," but that section, by its terms, applies only to "a district court," and does not address proceedings in this court. *See* 28 U.S.C. § 144. Specifically, Section 144 states:

   > Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or preju-

   dice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

   *Id.* Section 455, on the other hand, applies to "any justice, judge, or magistrate of the United States," 28 U.S.C. § 455(a), which includes judges who sit on the United States Court of Federal Claims.

claims arising from Section 455); *Hewlett–Packard Co. v. Bausch & Lomb, Inc.*, 882 F.2d 1556, 1567–68 (Fed.Cir.1989) (holding that Section 455 uses an objective standard to determine whether disqualification of a judge is required). Section 455 addresses the appearance of partiality, in addition to actual bias or prejudice, and not only may be invoked by motion but also requires judges to recuse sua sponte where appropriate. 28 U.S.C. § 455. Section 455(a) states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b) lists a number of additional circumstances in which a judge must recuse himself, including "[w]here he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding." § 455(b)(1).

■ The Supreme Court of the United States has held that prior judicial rulings alone do not require a judge to recuse herself. *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). In *Liteky*, plaintiffs, who were criminal defendants in proceedings before a particular judge, moved that the judge recuse himself from the plaintiffs' criminal trial because of prior rulings and statements that the judge had made in prior proceedings involving the plaintiffs. *Id.* at 542, 114 S.Ct. 1147. The Supreme Court affirmed the decision by the Court of Appeals for the Eleventh Circuit that matters arising from judicial proceedings are not a proper basis for recusal. *Id.* at 555, 114 S.Ct. 1147. With regard to judicial rulings in particular, the Court stated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.")).

The Seventh Circuit has articulated a standard for determining disqualification under 28 U.S.C. § 455 based on the perception of a "reasonable person." In *Brokaw v. Mercer County (Brokaw)*, 235 F.3d 1000 (7th Cir. 2000), the Seventh Circuit ruled that the standard for determining disqualification is "whether a reasonable person would be convinced the judge was biased." *Id.* at 1025 (citing *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir.1996)). The court concluded that a reasonable person would not be convinced of bias based solely on judicial rulings, which did not demonstrate evidence of "personal animosity or malice." *Id.* The court stated that this line of analysis applied to disqualification decisions under both 28 U.S.C. § 455 and 28 U.S.C. § 144. *Id.*

## B. Plaintiff's Motion to Recuse

■ Plaintiff states in her Motion to Recuse that she "is concerned about bias in her case because the assigned judge has already dismissed another case (of plaintiff['s] )." Motion to Recuse 1. Plaintiff does not allege any other basis for her claim that Judge Hewitt should recuse herself from this case. Because prior judicial rulings alone do not "constitute a valid basis for a bias or partiality motion," *Liteky*, 510 U.S. at 555, 114 S.Ct. 1147, and because a reasonable person would not be convinced of bias based solely on the court's dismissal of plaintiff's previous case, *see Brokaw*, 235 F.3d at 1025, the court will not recuse from this case.

## III. Conclusion

For the foregoing reasons, plaintiff's Motion to Recuse is DENIED.

IT IS SO ORDERED.